United States District Court
Southern District of Texas
**ENTERED**
September 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:11-CR-1111-2 |
| § | (CIVIL ACTION NO. 2:16-CV-335) |
| HERON ESPINOZA § | |

## ORDER

Heron Espinoza filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 154. Although styled a § 2255 motion, the relief he seeks is based upon a change in the sentencing guidelines and he specifically cites the amendment to the sentencing guidelines for minor role. The Court construes the motion (D.E. 154) to be one pursuant to 18 U.S.C. § 3582(c)(2). In addition to his motion seeking a sentence reduction for minor role, Espinoza filed a motion seeking a sentence reduction pursuant to Amendment 782 to the sentencing guidelines. D.E. 155.

Espinoza pleaded guilty to conspiracy to possess with intent to distribute 8.11 kilograms of methamphetamine. He was held responsible for 8.11 kilograms of methamphetamine (actual), 1.99 kilograms of cocaine, and 1.4 grams of cocaine base, all converted to their marijuana equivalents of 162,602.99 kilograms. His base offense level was calculated upon drug quantity at 38. Two levels were added for importation of methamphetamine for a total offense level of 37, after credit for acceptance of responsibility. D.E. 52, ¶¶ 16-25. Espinoza had no criminal history in this country and his guideline sentencing range was 210 to 262 months imprisonment. *Id*., ¶ 46. The Court sentenced him to 210 months imprisonment. D.E. 63.

Espinoza argues that he qualifies for a sentence reduction pursuant to Amendment 782. Amendment 782 revised the Drug Quantity Tables and the new tables were made retroactive on

November 1, 2014. However, the new Drug Quantity Tables still assign a level 38 to 4.5 kilograms or more of actual methamphetamine and for over 90,000 kilograms of marijuana. Espinoza had a greater quantity of methamphetamine and also a greater quantity of marijuana equivalent of the drugs for which he was held responsible. He does not qualify for a sentence reduction pursuant to Amendment 782 because his guideline range is unchanged.

He also argues he is entitled to minor role pursuant to Amendment 794. The Sentencing Guidelines have long allowed for role adjustment. *See* U.S.S.G. § 3B1.2(b), amended November 1, 2015. "Section 3B1.2 is designed to reduce a sentence when the defendant is substantially less culpable than the average participant in the offense." *United States v. Potahl*, 990 F.2d 1456, 1484 (5th Cir. 1993). At sentencing, counsel requested minor role, but the Court denied minor role because Espinoza had not debriefed sufficiently to qualify for safety valve and there was no basis for the Court to compare Espinoza's role to that of his co-defendant Dalila Sanchez. D.E. 78, p. 10. Espinoza argues that he was only a passenger in the vehicle when it went through the checkpoint, but investigation before sentencing revealed that the vehicle was initially purchased by Espinoza and later sold to Sanchez, his sister. D.E. 52, ¶ 10.

Amendment 794 left the text of § 3B1.2 unchanged but made various revisions to the commentary including a list of non-exhaustive factors that a sentencing court should consider in determining whether to apply a mitigating role adjustment. The Fifth Circuit has not determined whether Amendment 794 is clarifying or substantive, although the Ninth and Eleventh Circuits have held that it is clarifying and thus applicable retroactively to those cases on direct appeal. *United States v. Gomez-Valle*, — F.3d —, 2016 WL 3615688 at *5 (5th Cir. July 5, 2016). However, a clarifying amendment does not apply retroactively to cases on collateral review. *See United States v. Drath*, 89 F.3d 216, 217 (5th Cir. 1996). "[E]ligibility for consideration under 18

U.S.C. § 3582(c)(2) is triggered *only by an amendment listed in subsection (c) of U.S.S.G. § 1B1.10* that lowers the guideline range." *Id*. at 218 (emphasis in original). Subsection 1B1.10(d)[1] does not list Amendment 794 as retroactive, therefore this Court is not authorized to apply it retroactively.

Espinoza's motions for sentence reduction pursuant to Amendment 782 and 794 (D.E. 154, 155) are DENIED. Because Espinoza' motion (D.E. 154) is really one seeking relief pursuant to 18 U.S.C. § 3583(c)(2) rather than pursuant to § 2255, the Clerk is instructed to close the civil case, 2:16-CV-335.

SIGNED and ORDERED this 6th day of September, 2016.

_____
Janis Graham Jack
Senior United States District Judge

---

[1] § 1B1.10 was amended to change (c) to (d) effective November 1, 2014, as part of Amendment 782.